IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 04-100ML |
| v. | ) | Cr. No. 04-101-02ML |
| | ) | Cr. No. 04-102-02ML |
| | ) | Cr. No. 04-104-02ML |
| JOEL FRANCISCO | ) | |


## GOVERNMENT'S OBJECTION TO DEFENDANT'S
## MOTIONS FOR BILL OF PARTICULARS


Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to the defendant's Motions for Bill of Particulars. The grounds for the government's objection are set forth in the accompanying memorandum.


Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


UNITED STATES OF AMERICA )
) Cr. No. 04-100ML
) Cr. No. 04-101-02ML
vs. ) Cr. No. 04-102-02ML
) Cr. No. 04-104-02ML
JOEL FRANCISO )


## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTIONS FOR BILL OF PARTICULARS


## Introduction

The defendant filed motions for bill of particulars, seeking additional information relating to the criminal charges set forth in the counts of the four pending indictments. In support of his motions, the defendant points to the volume of conversations intercepted pursuant to a court authorized wiretap. The defendant's position on this point is without merit.


## Argument

A bill of particulars is meant to provide the defendant with the necessary details of the charges against him in order to enable the defendant to prepare his defense, avoid surprise and protect against double jeopardy. United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). It is required only where the indictment is so general that it does not advise the defendant of

the specific offenses of which he is accused and is not intended for use as a general discovery device. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Dubon-Otero, 76 F.Supp.2d 161, 168 (D.P.R. 1999); United States v. Penix, 516 F. Supp. 248 (D.C. Okla. 1981); United States v. Leonelli, 428 F. Supp. 880 (D.C. N.Y. 1977). Simply put, the defendant's constitutional right to know the offense with which he is charged does not also entitle him to know the details of how that charge will be proved. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981). Accordingly, a request for a bill of particulars should be disallowed if it seeks evidentiary detail of the government's case, United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); Kendall, 665 F.2d at 126; if it would disclose the identities of the government's witnesses, United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974); United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1972); if it would reveal the government's legal theories and conclusions of law, United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980); if it probes the purposes for which the government will introduce various items of evidence, United States v. Addonizio, 451 F.2d at 64; if it would disclose information protected by the Jencks Act, United States v. Bloom, 78 F.R.D. 591, 600 (E.D. Pa.

1977).  Furthermore, because a bill of particulars confines the Government's proof to particulars furnished, the Court should also deny defendant's requests for bills of particulars where, as here, the consequence would be to unduly restrict the Government's ability to present its case.  <u>United States v. Feola</u>, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987), <u>aff'd</u>, 875 F.2d 857 (2nd Cir. 1989).

The indictments in the instant cases provide the defendant with sufficient detail to prepare his defense, avoid surprise and protect against double jeopardy.  Therefore, it appears that the defendant is attempting to use a bill of particulars for discovery or other inappropriate purposes.  That suspicion is confirmed by the defendant's demand, as part of his motions for bill of particulars, that the government provide him with the "evidence to substantiate" the charges against him.  Such a request is nothing more than an attempt to use the bill of particulars to obtain evidentiary detail or, in the alternative, to unfairly restrict the government's ability to present its case against the defendant.  Since neither constitutes a permissible use of the bill of particulars, the defendant's motions should be denied.

## Conclusion

For all of the above-stated reasons, the government respectfully requests that this Honorable Court deny defendant's Motions for Bill of Particulars.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

## CERTIFICATION

I hereby certify that on the _____ day of March, 2005, I mailed, postage prepaid, a true copy of the within Government's Memorandum to Damon M. D'Ambrosio, Esquire, 1845 Smith Street, North Providence, Rhode Island 02911.