UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CR. No. 04-100ML |
| | : |
| JOEL FRANCISCO | : |

## GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR NEW TRIAL

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephen G. Dambruch, Assistant United States Attorney, and hereby objects to defendant's Motion for New Trial. The grounds for the government's objection are set forth in the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the ___6th___ day of May, 2005, a copy of the within Government's Memorandum was mailed, postage prepaid, to Damon D'Ambrosio, Esquire, 1845 Smith Street, North Providence, Rhode Island 02911.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA             :
                                     :
        v.                           :    CR. No. 04-100ML
                                     :
JOEL FRANCISCO                       :


GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION
TO DEFENDANT'S MOTION FOR NEW TRIAL

Introduction

On April 27, 2005, a trial jury found the defendant guilty of both counts of the indictment. Thereafter, the defendant filed a motion for new trial, alleging that interests of justice require the Court to grant him the requested relief. In support of that motion, the defendant argues that the evidence weighs against the verdict and describes the result as a manifest injustice. Those arguments are without merit.

Argument

A motion for new trial is directed to the discretion of the Court. United States v. Indelicato, 611 F.2d 376, 387 (1st Cir. 1979). When evaluating the merits of such a motion, the Court may consider both the weight of the evidence and the credibility of witnesses, but should only order a new trial if it is clear that the jury reached a seriously erroneous result. United States v. Ruiz, 105 F.3d 1492, 1501 (1st Cir. 1997). In fact,

the courts rarely grant a motion for new trial and that relief is only warranted when there has been a miscarriage of justice or where the evidence preponderates heavily against the verdict. United States v. Gonzalez-Gonzalez, 136 F.3d 6, 12 (1st Cir. 1998).

In the instant case, a review of the evidence reveals that the jury had more than a sufficient basis to find the defendant guilty. The combination of the contents of the defendant's intercepted telephone conversations, the observations made by the investigating officers during surveillance of the defendant's residence, the seizure of large quantities of powder and crack cocaine from the bathroom of the defendant's apartment, the other physical evidence gathered by the officers executing the search warrant at 64 Dexter Street, the defendant's statements to the police, and the opinion testimony of the several expert witnesses who testified during the trial, strongly supports the jury's guilty verdicts and weighs heavily against the defendant's claim that the evidence was insufficient to sustain those verdicts. In the absence of any new factual or legal arguments by the defendant, there does not appear to be any reason why the Court should not reject his insufficient evidence claim.

The defendant also seeks a new trial based upon a claim of prosecutorial misconduct. He alleges that the prosecutor made certain remarks during his closing argument that were not

supported by the evidence adduced at trial. Since the defendant raised this issue for the first time in the instant motion and failed to object to these remarks at trial, he arguably waived this claim. United States v. Garcia, 978 F.2d 746, 749 (1st Cir. 1992).

Even if the Court does not deem it waived, a review of the evidence reveals that the defendant's allegation lacks any substantive merit. The defendant's claim that the government offered no evidence as to the whereabouts of Pedro "Kiko" Hernandez as of October 24, 2004 is simply not accurate. During Assistant United States Attorney Mary Rogers' re-direct examination of Task Force Agent Karl Jacobson, he testified that his reference in the affidavit to Hernandez residing at the defendant's residence related to the early August 2004 time frame. Task Force Agent Jacobson further testified that he had not seen Hernandez in the Providence area after mid-August and that the authorities had intercepted multiple telephone conversations between the defendant and Hernandez during which they discussed the fact that Hernandez had moved to Florida.

Finally, the defendant's claim that one of the jurors "manifested a complete disregard for her oath as a juror" by contacting Providence Police Lieutenant Thomas Verdi after the completion of the trial to express concerns about her personal safety is merit less. Defendant fails to mention that the

juror's concerns did not arise until the day after the completion of her jury service, when she read an article in the Providence Journal reporting on the verdicts and identifying the defendant as a member of the Latin Kings street gang. Therefore, despite the defendant's assertions to the contrary, there is nothing to support the allegation that this juror was anything less than fair and impartial or that her verdict was based on anything other than the overwhelming evidence of the defendant's guilt.

Conclusion

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for New Trial.

> Respectfully submitted,
>
> UNITED STATES OF AMERICA
> By its Attorneys,
>
> ROBERT CLARK CORRENTE
> United States Attorney
>
> STEPHEN G. DAMBRUCH
> Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the ___6th___ day of May, 2005, a copy of the within Government's Memorandum was mailed, postage prepaid, to Damon D'Ambrosio, Esquire, 1845 Smith Street, North Providence, Rhode Island 02911.

_____