AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District RHODE ISLAND | |
|---|---|---|
| Name of Movant JOEL FRANCISCO | Prisoner No. 05523-070 | Docket No. 04-100ML |
| Place of Confinement U.S. Penitentiary, Lewisburg, PA 17837 | | |

UNITED STATES OF AMERICA v. JOEL FRANCISCO
(include name upon which convicted)
(full name of movant)

MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court for the District of Rhode Island

2. Date of judgment of conviction September 19, 2005

3. Length of sentence life

4. Nature of offense involved (all counts) 21 U.S.C. § 841(b)(1)(A)

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court U.S. Court of Appeals for the First Circuit

(b) Result affirmed

(c) Date of result October, 2006

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result N/A

(6) Date of result N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result ______

(6) Date of result N/A

(c) As to any third petition, application or motion, give the same information:

(1) Name of court N/A

(2) Nature of proceeding N/A

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐ N/A

(5) Result ______

(6) Date of Result N/A

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ☐ No ☐
(2) Second petition, etc. Yes ☐ No ☐ N/A
(3) Third petition, etc. Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: COUNSEL WAS INEFFECTIVE FOR PROVIDING INACCURATE ADVICE DURING PLEA DISCUSSIONS.

Supporting FACTS (tell your story *briefly* without citing cases or law:
See page 5A

B. Ground two: COUNSEL WAS INEFFECTIVE FOR WAIVING RIGHT TO COLLATERALLY ATTACK PRIOR CONVICTIONS IN DISTRICT COURT

Supporting FACTS (tell your story *briefly* without citing cases or law):
See page 5A

C. Ground three: TRIAL COUNSEL WAS INEFFECTIVE FOR WAIVING PETITIONER'S RIGHT TO TESTIFY WITHOUT CONSENT

Supporting FACTS (tell your story *briefly* without citing cases or law):
See Page 5B

¶ 12A: Supporting Facts.

Of the 13 people indicted in connection with this case, the petitioner was the only person to stand trial. Prior to trial, the petitioner was offered a plea of 21 years imprisonment. (9/19/05, tr. 20). While evaluating the government's plea offer, the petitioner asked counsel about his exposure at sentencing if convicted after trial, and counsel replied that the Court had "the discretion" to impose a life sentence, but that a life sentence was "not mandatory", and that the Supreme Court decisions in Blakely/Booker would prevent the Court from imposing a life term. In addition, counsel stated that the petitioner faced 300 to 328 months imprisonment under the Guidelines if convicted after trial. Given that the difference between what the government offered in its plea offer and the bottom range of counsel's estimate of petitioner's exposure at sentencing upon conviction after trial was about 4 years, the petitioner declined the government's plea offer. In his objections to the presentence report, counsel continued to assert his position that the Court had the authority to sentence the petitioner "outside the statutory mandatory sentence" in light of Booker. See 9/19/05, tr. 18-19.

Counsel's advice was wrong, in that the petitioner faced and received a statutory mandatory sentence of life imprisonment under the enhancement provision of 21 U.S.C. § 841(b)(1)(A), based on his two prior drug convictions. Furthermore, the Supreme Court's decision in Booker had no effect on the application of the enhancement provision of § 841(b)(1)(A). See 9/19/05, tr. 18-19.

Had counsel correctly advised the petitioner that he faced a statutory mandatory life sentence upon rejection of the government's plea offer, and that Booker would have no effect on the enhancement provision of § 841(b)(1)(A), the petitioner would absolutely have accepted the government's plea offer. See U.S. v. Gordon, 156 F3d. 376 (2d. Cir.) (finding counsel ineffective for providing inaccurate advice during plea negotiations).

¶ 12 B: Supporting Facts.

In ¶ 11 of his objections to the presentence report, counsel conceded that a collateral challenge to petitioner's prior state convictions is not appropriate in the District Court. (9/19/05, tr. 18). Counsel was wrong. 21 U.S.C. § 851(c)(2) specifically provided the petitioner with an independent right to collaterally challenge his prior state convictions in the District Court prior to sentencing. See U.S. v. Mikell, 102 F3d. 470 (11th Cir.) (holding that § 851(c)(2) allows a defendant to mount a collateral attack on a prior state conviction prior to sentencing in the District Court). Had counsel successfully challenged one of petitioner's prior state convictions at sentencing, the outcome of the sentencing proceeding would have been different.

¶ 12B:

(i) Petitioner advised trial counsel prior to trial of his desire to testify in his own defense.

(ii) Trial counsel never advised petitioner that he had a right to testify in his own defense and that such right could not be waived by counsel without consent.

(iii) Trial counsel rested the defense case without calling the petitioner as a witness.

(iv) Had counsel called petitioner as a witness, the petitioner would have testified as follows:

(a) that the cocaine found at the apartment in question was not the petitioner's, and that he exercised no control over said cocaine;

(b) he would have denied ever admitting to Providence detectives that the cocaine found at the apartment was his;

(c) he would have denied offering detectives a $200,000 bribe to obtain his release from custody;

(d) he would have testified that other persons lived at the apartment in question, and stored their personal belongings at said apartment;

(e) he would have testified that he and Detective Colanduono shared an intimate relationship with the same female.

(v) The unauthorized waiver of the petitioner's right to testify by trial counsel constituted ineffective assistance of counsel. See United States v. Butts, 630 F.Supp. 1145, 1148 (D. Me. 1986).

AO 243
REV 6/82

D. Ground four:

Supporting FACTS (tell your story *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

Not cognizable on direct appeal.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing N/A

(b) At arraignment and plea Mr. D'Ambrosio

(c) At trial Mr. D'Ambrosio

(d) At sentencing Mr. D'Ambrosio

AO 243
REV 6/82

(e) On appeal Mr. Romano & Ms. Holman

(f) In any post-conviction proceeding
N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
May 21, 2008
(date)

[signature]
Signature of Movant