IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 04-100ML |
| | : | |
| JOEL FRANCISCO | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 18 U.S.C. § 2255**

## I. INTRODUCTION

The Petitioner, Joel Francisco (Francisco), has filed a motion pursuant to 28 U.S.C. § 2255. In his motion, Francisco claims his attorney failed to effectively represent him at both his trial and sentencing. Francisco specifically complains that defense counsel failed to provide him with adequate legal advice during plea negotiations, decided not to pursue a collateral attack against Francisco's two prior state drug convictions, and ignored Francisco's request to testify on his own behalf at trial.

The government contends that Francisco's claims are without merit. Therefore, the government requests that the motion be denied and dismissed.

## II. TRAVEL AND FACTS

On November 3, 2004, a federal grand jury in the District of Rhode Island returned a two count indictment charging Francisco with one count of possessing with intent to distribute in excess of five hundred grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possessing with the intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Following jury selection on April 19, 2005, the case proceeded to trial on April 25, 2005. That trial came to an end on April 27, 2005 with the jury's return of guilty verdicts on both counts of the indictment. The Court then sentenced Francisco on September 19, 2005 to a term of 180 months incarceration on count one and life imprisonment on count two.

## III. ARGUMENT

### A. THE LAW OF SECTION 2255 MOTIONS

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal.

The standard of review of a § 2255 motion for alleged trial errors to which no contemporaneous objection was made is not the plain error standard, but the cause and actual prejudice

standard. Frady, 456 U.S. at 166-67. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Prou v. United States, 199 F.3d 37, 47 (1st Cir. 1999); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Section 2255 provides that the Court, after receiving said motion, should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 of the Rules Governing Proceedings in the United States District Courts Under § 2255 provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the District Court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

The First Circuit has stated that no hearing is required where the § 2255 motion: "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v.

Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989). Moreover, the First Circuit has also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989). A District Judge's personal observation and recollection of the events may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 954-55 (1st Cir. 1978). In considering a motion under § 2255, the District Court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Mosquera, 845 F.2d 1122, 1124 (1st Cir. 1988).

B. INEFFECTIVE ASSISTANCE OF COUNSEL

The two-part test for evaluating ineffective assistance of counsel claims was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). A defendant must show both: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; Mathews v. Rakiey, 54 F.3d 908, 916 (1st Cir. 1995); Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994); United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). The defendant's

burden is by the preponderance of the evidence. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

With regard to the first element, "[c]ounsel's judgment is subject to highly deferential review," United States v. Gomes, 177 F.3d 76, 83 (1st Cir. 1999) and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994). The Court should indulge a "'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" Singleton, 26 F.3d at 238 (quoting Strickland, 466 U.S. at 689); See also Scarpa, 38 F.3d at 8.

Prejudice exists when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Gonzalez-Soberal v. United States, 244 F.3d 273 (1st Cir. 2001).

C. ISSUES

1. Advice During Plea Negotiations

Francisco complains that his attorney provided inaccurate

advice to him during the pre-trial plea negotiation process. Specifically, Francisco alleges that his attorney mistakenly advised him regarding the mandatory nature of the life sentence on count two, thereby causing Francisco to decide against pleading guilty and to insist upon a jury trial.

The decision whether to plead guilty always rests with the defendant, and not with his attorney. Smith v. United States, 348 F.3d 545, 552 (6th Cir. 2003). However, as part of that decision making process, the defendant does have a right to be informed of any plea offers by the government. United States v. Rodriquez, 929 F.2d 747, 751 (1st Cir. 1991). Therefore, defense counsel must provide a defendant with the benefit of counsel's professional advice on the plea decision, which at minimum must include communicating to the defendant the terms and conditions of any plea offer. Beyond that minimum requirement, defense counsel's decision as to how best to further advise his client enjoys a wide range of reasonableness. Purdy v. United States, 208 F.3d 41, 44-45 (2nd Cir. 2000). Thus, in order to establish a claim of ineffective assistance in this context, a defendant must demonstrate gross error on the part of defense counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970), Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002). In other words, a defendant must prove that counsel's advice was "so incorrect and so insufficient that it undermined his ability to make an

intelligent decision about whether to accept the plea offer." United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992).

Although the government was not privy to conversations or other communications between Francisco and defense counsel, the government did most definitely communicate to defense counsel that it intended to seek a mandatory life sentence if Francisco was convicted after trial. Those conversations occurred during the negotiation of a potential plea agreement between the government and Francisco whereby the government, in exchange for Francisco pleading guilty to both counts of the indictment, would have agreed to file only a single level enhancement and recommend a sentence of thirty years incarceration. Following Francisco's final rejection of that offer, the government filed a § 851 notice with the Court, serving a copy of same on the defense, prior to the commencement of jury selection in the instant case. That notice clearly stated that, based upon Francisco's two prior felony drug convictions, Francisco was subject to "a term of not less than ten years and not more than life on Count One and a mandatory term of life without release...on Count Two."

Francisco acknowledges being aware before trial of his maximum exposure after trial, that is, a life sentence. His complaint is based upon his allegation that his attorney provided him with flawed advice regarding the possible mandatory nature of that sentence. Even if that allegation is proved to be true, it

still does not amount to ineffective assistance. Defense counsel did correctly advise Francisco about the potential maximum sentence he could face if convicted after trial, that is, a life sentence. Therefore, he did not grossly underestimate Francisco's sentencing exposure[1], and, by avoiding that pitfall, provided Francisco with representation that fell within the wide range of reasonable professional assistance.

Of course, even if Francisco met his burden of proving that his attorney's representation fell below the acceptable range, Francisco would then have to show prejudice. In the instant case, that translates to a showing that but for the alleged inadequacies in defense counsel's pre-trial representation of him, Francisco would have accepted the government's plea offer and entered a guilty plea. Francisco, in his motion, asserts that he would in fact have done just that, but that claim is somewhat undermined by his subsequent assertions that, if given the opportunity, he would have testified that he did not possess the drugs that were the subject matter of the indictment.[2]

2. Failure to Challenge Prior State Convictions

Francisco also complains that his attorney never challenged

[1] See United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998).

[2] The First Circuit has not yet decided whether a defendant's post-conviction testimony is sufficient to show prejudice, or, whether the defendant must additionally introduce objective evidence to that effect (the other Circuit Courts are split on this issue). Tse v. United States, 290 F.3d 462, 464-65 (1st Cir. 2002).

the validity of his prior state convictions before this Court. Although technically correct, that claim ignores the fact that on May 25, 2005 Francisco's attorney did file two applications for post conviction relief with the Providence County Superior Court (miscellaneous petition numbers PM-2005-2639 and PM-2005-2640) seeking orders vacating the two prior felony drug convictions that formed the basis of the government's § 851 enhancement filing (criminal information numbers P2-1997-2714A and P2-1998-0402A). The State of Rhode Island objected to those applications and, after hearing argument and considering the merits of Francisco's claims, a state Superior Court Magistrate denied both applications on October 28, 2005.

Furthermore, although Francisco cites 21 U.S.C. § 851 in support of his claim that his attorney could have mounted a "collateral challenge" to his two prior felony drug convictions, he fails to provide any facts or make any arguments that would indicate that such a challenge would have been anything more than a specious filing that would have been denied by the Court. Significantly, both convictions were the result of counseled nolo contendere pleas before the Providence County Superior Court on two different dates in February 1998, the validity of which had not been challenged by Francisco until after his April 2005 conviction in the instant case.

3. Refusal to Allow Petitioner to Testify in Own Defense

Francisco contends that, in spite of his specific request to do so, his attorney refused to allow him an opportunity to testify in his own defense at his trial. Assuming there is no coercion, a defense attorney's advice relating to a defendant's right to testify infringes no right. Rather, it simply discharges the attorney's ethical responsibility to the defendant. Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). In determining whether defense counsel's interactions with his client on this issue constitute earnest counseling or overt coercion, the Court should consider several factors, including: (1) whether the defendant knew about his right to testify, and if not, whether defense counsel informed him of same; (2) the competence and soundness of defense counsel's tactical advice (i.e., whether defense counsel presented defendant with sufficient information to permit a "meaningful" voluntary waiver of the right to testify); and, (3) any evidence of intimidation or threatened retaliation by defense counsel relating to defendant's testimonial decision. Lema at 52-53.

While the government was not privy to communications between Francisco and his attorney thereby making it difficult to assess the sufficiency of the information presented to the defendant by

his attorney,[3] the contents of Francisco's own application seem to belie any credible contention that Francisco was unaware of his right to testify. The fact that Francisco alleges that he informed his attorney in advance of the trial that he wanted to testify in his own defense clearly suggests that he knew he had a right to testify. Otherwise, why would he raise the issue with his attorney in the first place.

Furthermore, the defendant was not a newcomer to the criminal justice system. He had appeared before the Rhode Island Superior Court on four occasions for the purpose of entering nolo contendere pleas to felony charges, the last of which occurred in 2002. As a regular practice, state Superior Court judges advise defendants during the plea colloquy of their right to testify in their own defense. In addition to relying on the fact that general practice and procedure, a review of the transcripts of

[3] It should, however, be noted that there were a number of valid strategic reasons for the defendant not to take the stand on his own behalf, including: (1) the fact that he would have been impeached by his prior drug, racketeering and assault with intent to murder convictions; and, (2) his potential inability to credibly address or explain away his own incriminating statements made during the multiple recorded telephone conversations.

When determining whether such tactical decisions fall within wide range of reasonable professional assistance, the court should examine what defense counsel knew or should have known at time he made and implemented those choices. United States v. Ortiz, 146 U.S. 25, 27 (1st Cir. 1998). Following that review, the Court must then analyze whether the tactical decision in question was so erroneous as to constitute deficient performance. Id. Of course, any such judicial scrutiny of defense counsel's performance must be highly deferential, requiring the Court to avoid the distorting effects of hindsight and giving rise to the strong presumption that counsel's conduct does, in fact, fall within that wide range of reasonable professional assistance. Strickland v. Washington, 466 U.S. 668, 689 (1984).

two of Francisco's own plea colloquies from 1998 demonstrate that Francisco was actually advised of his right to testify in his own defense at least twice (see attached transcripts of a February 4, 1998 plea hearing before Judge Cresto at page 5 and a February 13, 1998 plea hearing before Magistrate William McAtee at page 7).

With regard to the possibility that Francisco's attorney threatened or intimidated him, Francisco makes no such allegation.

## VI. CONCLUSION

The United States therefore requests that the petitioner's motion be denied and dismissed.

Respectfully submitted,

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ STEPHEN G. DAMBRUCH
Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar #3309
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
stephen.dambruch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2008, I caused a copy of the within Government's Response to be mailed, postage prepaid, to Joel Francisco, Prisoner No. 05523-070, USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA 17837.

/s/ STEPHEN G. DAMBRUCH
Stephen G. Dambruch
Assistant U.S. Attorney
RI Bar #3309
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5002 (fax)
stephen.dambruch@usdoj.gov

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, Sc. SUPERIOR COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | ) | |
| | ) | |
| VS. | ) | CASE NO: P2/97-2714 |
| | ) | |
| JOEL FRANCISCO | ) | |

HEARD BEFORE THE HONORABLE MR. JUSTICE CRESTO

FEBRUARY 4, 1998

DISPOSITION

APPEARANCES:

DAVID COOPER, ESQUIRE..........................FOR THE DEFENDANT

PATRICK LYNCH, ESQUIRE..........................FOR THE STATE

JO-ANN McQUADE
COURT REPORTER

# C E R T I F I C A T I O N

I, Jo-Ann McQuade, hereby certify that the succeeding pages, 1 through 8, inclusive, are a true and accurate transcript of my stenographic notes.

Jo-Ann McQuade

JO-ANN McQUADE
COURT REPORTER

WEDNESDAY, FEBRUARY 4, 1998

AFTERNOON SESSION

THE COURT: Mr. Francisco. Your name, sir.

THE DEFENDANT: Joel Francisco.

THE COURT: Your date of birth.

THE DEFENDANT: 1/29/78.

THE COURT: Your present address.

THE DEFENDANT: 230 Leah Street, Providence, Rhode Island.

THE COURT: Do you have a telephone number there?

THE DEFENDANT: Yeah.

THE COURT: What is it?

THE DEFENDANT: Um, 331-8069.

THE COURT: P2/97-2714, the defendant is charged with one count of possession of a controlled substance and one count of resisting arrest.

Mr. Lynch, as to Count II?

MR. COOPER: 48(a) Count II.

THE COURT: Excuse me. Here, sit down and find out what you're doing there. Let's go.

(PAUSE)

THE CLERK: This is on Joel Francisco.

MR. COOPER: Yes.

THE COURT: Your name, sir.

THE DEFENDANT: Joel Francisco.

THE COURT: Your date of birth.

THE DEFENDANT: 1/29/78.

THE COURT: Your present address.

THE DEFENDANT: 230 Leah Street, Providence, Rhode Island.

THE COURT: Do you have a telephone number?

THE DEFENDANT: 331-8069.

THE COURT: The matter before the Court is P2/97-2714, charging this defendant with one count of possession of a controlled substance and one count of resisting arrest.

Mr. Lynch, as to Count II?

MR. LYNCH: I'm preparing a 48(a). I'd ask that -- it reads, "Upon the defendant being sentenced on Count I," which is a possession charge, I would ask that the 48(a) be entered to dismiss Count II, resisting arrest, only.

THE COURT: As to the remaining Count I, possession of cocaine, the defendant wishes to withdraw a previously entered plea of not guilty and enter one of nolo contendere?

MR. COOPER: Yes, your Honor.

THE COURT: Granted.

Mr. Francisco, do you read and write?

THE DEFENDANT: Yes, I do.

THE COURT: How far did you go in school?

THE DEFENDANT: I got a high school diploma, also went to college.

THE COURT: Do you recognize this document?

THE DEFENDANT: Yes.

THE COURT: Is this your signature at the bottom?

THE DEFENDANT: Yes.

THE COURT: The document contains the rights that you're giving up.

THE DEFENDANT: Yes.

THE COURT: Did you sign the document after you knew your were giving up those rights?

THE DEFENDANT: Yes.

THE COURT: Are you under a doctor's care?

THE DEFENDANT: No.

THE COURT: Are you taking any drugs, medication, or alcohol?

THE DEFENDANT: No.

THE COURT: Your head is clear?

THE DEFENDANT: Yes.

THE COURT: You know what you're doing?

THE DEFENDANT: Yes.

THE COURT: Mr. Lynch is briefly going to give me some facts out of which the charge arose. You listen. Later on I'm going to ask whether or not what he tells me

is true. So, please pay attention.

Mr. Lynch.

MR. LYNCH: Your Honor, the facts are that on the 15th day of June, 1997, in Providence, when Mr. Francisco was arrested, he had in his possession an amount of cocaine.

THE COURT: By pleading to that charge, Mr. Francisco, for your purposes this afternoon, you're pleading guilty; do you understand?

THE DEFENDANT: Yes, I do.

THE COURT: And you're giving up all those rights which you say you understand, and they are:

Your right to a trial by jury or your right to a trial without a jury; your right to appeal to our Supreme Court from any verdict or finding of guilt after either trial takes place; do you understand?

THE DEFENDANT: Yes, I do, your Honor.

THE COURT: You're giving up your right to require the State to prove the charge against you by proof which is beyond a reasonable doubt.

THE DEFENDANT: Yes, I do, your Honor.

THE COURT: You're giving up your right to the presumption of innocence and your privilege against self-incrimination.

THE DEFENDANT: Yes.

THE COURT: You're giving up your right to confront and cross-examine witnesses the State would bring in to prove the charge against you, your right to bring in witnesses of your own, bring in evidence of your own to contradict whatever the State presents, as well as giving up your right to take the stand and testifying in your own defense.

THE DEFENDANT: Yes.

THE COURT: Lastly, you're giving up your right to appeal to the Supreme Court from whatever sentence I may impose.

THE DEFENDANT: Yes.

THE COURT: Are you aware that the maximum jail term on this charge is three years?

THE DEFENDANT: Yes, I do.

THE COURT: All right. Mr. Lynch gave me some facts. Are those facts true?

THE DEFENDANT: Excuse me?

THE COURT: The facts that he gave me, are they true?

THE DEFENDANT: Yes, they are, your Honor.

THE COURT: The State's recommendation?

MR. LYNCH: Your Honor, three years to serve.

THE COURT: Concurrent with his present term?

MR. LYNCH: That would be on -- yes.

THE COURT: Were any promises made to you to give up your rights?

THE DEFENDANT: No.

MR. LYNCH: That three years to serve on this case, which is P2/97-2714A, should run concurrent to the sentence in P1/96-3567A.

MR. COOPER: Yes, your Honor.

THE COURT: Except for that recommendation, did anybody make you any other promises?

THE DEFENDANT: No.

MR. COOPER: There was one other promise that is on the other charge which is not ripening into an information, that the recommendation in that case will not exceed more than three years to serve.

THE COURT: Is that correct?

MR. COOPER: And the charge is simple possession.

MR. LYNCH: That is correct.

THE COURT: The record will so indicate.

You understand that you're giving up your right to a trial on this charge?

THE DEFENDANT: Yes.

THE COURT: The Court finds the defendant has the capacity to understand the nature and consequences of his plea of nolo contendere to the remaining count in P2/97-2714, including, but not limited to, the waiver of

his constitutional rights. The Court is satisfied, based upon the facts given to the Court by Mr. Lynch, the defendant's agreement with the facts, the contents of his plea form, that there's a factual basis for the plea. The Court finds the plea is made voluntarily, intelligently, with full knowledge and understanding of the consequences.

Anything you wish to say, Mr. Francisco, before I sentence you?

THE DEFENDANT: No, your Honor.

THE COURT: The Court will accept the defendant's plea. In view of the fact that I'm going to give him the maximum, there's nothing to explain to him.

You indicate on this form that you want me to sentence you today and not wait for a presentence report.

THE DEFENDANT: Yes.

THE COURT: On the charge in P2/97-2714, the defendant is sentenced to three years at the ACI. That sentence is to run concurrent with P1/96-3567. The sentence is not to exceed, in that P1/96 case, three years; is that correct?

MR. COOPER: Right, your Honor.

THE COURT: That matter has not yet ripened into a disposition?

MR. COOPER: According to my file, your Honor, it

looks like it's scheduled for pre-arraignment conference on 2/13 -- it says 2/13/97. That can't be right. It hasn't ripened into an information.

THE COURT: We all understood?

MR. LYNCH: Yes.

THE COURT: I don't want this gentleman doing another three years if it's been agreed to on both of these cases that he's not to do more than three years. That's my understanding. You come see me if that doesn't happen.

THE DEFENDANT: Yes, your Honor.

( A D J O U R N E D )

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

STATE OF RHODE ISLAND )
VS. ) P2/98-0402A
JOEL FRANCISCO )

HEARD BEFORE MAGISTRATE WILLIAM J. McATEE

FEBRUARY 13, 1998

APPEARANCES:

DEPARTMENT OF THE ATTORNEY GENERAL

GEORGE PAGE, ESQ.,......ASSISTANT ATTORNEY GENERAL

DAVID COOPER, ESQ.,..............FOR THE DEFENDANT

DENISE COMEAU

ELECTRONIC COURT REPORTER

# CERTIFICATION

I, Denise Comeau, hereby certify that the succeeding pages, 1 though 10 inclusive, are a true and accurate transcript of the audiotape of the recorded hearing taken on February 13, 1998.

DENISE COMEAU
ELECTRONIC COURT REPORTER

**MORNING SESSION**

**FRIDAY, FEBRUARY 13, 1998**

THE COURT: On the bottom of Page 2 of the Pac, Joel Francisco.

**BENCH CONFERENCE**

THE COURT: So, we have to check on Counsel for Joel Francisco.

**(OTHER CASES CALLED)**

THE COURT: Mr. Cooper. Are one of these people Mr. Hipolito Santana ---

MR. COOPER: It's both of them, Your Honor. Joel Francisco and Hipolito.
If, we can bring them up, Your Honor, maybe?

THE COURT: Certainly.

MR. COOPER: Actually, why don't we have a conference first and then I can go back and see them?

THE COURT: All right.

**BENCH CONFERENCE**

**(OTHER CASES CALLED)**

MR. COOPER: We're ready, Your Honor.

THE COURT: Mr. Francisco.

MR. PAGE: He doesn't need an interpreter?

MR. COOPER: No, he doesn't need an interpreter.

THE CLERK: Could defense counselor identify himself?

MR. COOPER: Ah, yes. David Cooper.

THE CLERK: Could the interpreter, could you raise your right hand ---

MR. COOPER: No. We don't need an interpreter for Mr. Francisco.

THE CLERK: Oh, okay. What is your name?

MR. FRANCISCO: Joel Francisco.

THE CLERK: Your date of birth?

MR. FRANCISCO: 1/29/78.

The CLERK: And your address?

MR. FRANCISCO: 230 Thayer Street, Providence, Rhode Island.

THE CLERK: Information 98-402A, on the charge of possession of cocaine; what say you to this information?

MR. COOPER: Your Honor, at this time, the Defendant would like to change his previous entered plea of not guilty to that of nolo.

THE COURT: Mr. Francisco, you stand

before this Court on Information 98-0402, charging you with one count of possession of a controlled substance for which you could be incarcerated for upward to three years. Are you aware of the charge?

MR. FRANCISCO: Yes, I am.

THE COURT: Are you aware of the penalty?

MR. FRANCISCO: Yes, I am.

THE COURT: Do you wish to enter a plea of nolo contendere?

MR. FRANCISCO: Yes.

THE COURT: How far did you go in school, sir?

MR. FRANCISCO: I got my High School Diploma.

THE COURT: Any difficulty reading, writing, or understanding the English language?

MR. FRANCISCO: No, Your Honor.

THE COURT: The document that I'm showing you is a request to enter a plea of nolo contendere; did you sign that document?

MR. FRANCISCO: Yes, I did.

THE COURT: Before signing it, did you

read it?

MR. FRANCISCO: Yes.

THE COURT: Did you discuss it with your lawyer?

MR. FRANCISCO: Yes.

THE COURT: Do you understand it?

MR. FRANCISCO: Yes, I do.

THE COURT: Are you under the influence of any drugs or alcohol?

MR. FRANCISCO: No, I am not.

THE COURT: Do you suffer from any disease of the mind that would make it difficult for you to understand the legal implication of this proceeding?

MR. FRANCISCO: Nope.

THE COURT: Mr. Francisco, are you an American citizen?

MR. FRANCISCO: Yes, I am.

THE COURT: By pleading nolo contendere, there are certain rights that you'll be giving up. Those rights that you're giving up are all listed on this document. The same document that just a moment ago, you acknowledged to this Court as having signed, read, discussed with your lawyer, but most

importantly, you have assured this Court that you understand the contents of this document.

By pleading nolo contendere, you'll be giving up the right to a trial by a jury or a judge sitting without a jury and the right to appeal to the Supreme Court from any verdict of finding of guilt.

You're giving up the right to have the State of Rhode Island prove each and every element of the charge pending against you by evidence and proof that is beyond a reasonable doubt.

You're giving up your presumption of innocence.

You're waiving your privilege against self-incrimination.

You're giving up the right to confront and cross-examine any of the State's witnesses that may be called against you, but you're also giving up the right to present evidence, to call witnesses in your own defense, to testify in your own defense, but only if you choose to do so.

You'll be giving up the right to appeal

to the Rhode Island Supreme Court from the sentence imposed by this Court should your plea of nolo contendere, in fact, be accepted here this morning. And, you'll be giving up the right to have this Court obtain and consider a pre-sentence report before imposing sentence upon you. Now, Mr. Francisco, do you understand that you're giving up each of the rights that I just described including the right to have this Court obtain and consider a pre-sentence report and do you give up those rights voluntarily?

MR. FRANCISCO: Yes, I do.

THE COURT: I'll ask you to listen as a representative of the Attorney General's Office describes for this Court exactly what it is that the State of Rhode Island would stand ready to prove if this case were, in fact, to proceed to trial. Mr. Page.

MR. PAGE: Your Honor, in the matter of the State of Rhode Island versus Joel Francisco, if we were to proceed to trial. The State would prove that on the 20th of November, 1997, in Providence, that

Mr. Francisco, did unlawfully with knowledge and intent did possess a control substance and that substance being cocaine.

THE COURT: Mr. Francisco, are you in substantial agreement with that statement?

MR. FRANCISCO: Yes, Your Honor.

THE COURT: Before I impose sentence is there anything that you wish to say to this Court?

MR. FRANCISCO: No.

THE COURT: Mr. Cooper?

MR. COOPER: No, Your Honor.

THE COURT: The Court finds that there is factual basis for the plea. The plea is being made voluntarily, and intelligently and with knowledge and understanding of all matters set forth in the request to enter a plea of nolo contendere and may be accepted. The Defendant, Joel Francisco, is sentenced as follows: On Information, 98-0402A, you are sentenced to three years at the Adult Correctional Institution. Two years of that sentence is hereby suspended. One year of that sentence is to be served retroactive to November 20th?

Mr. Francisco, did unlawfully with knowledge and intent did possess a control substance and that substance being cocaine.

THE COURT: Mr. Francisco, are you in substantial agreement with that statement?

MR. FRANCISCO: Yes, Your Honor.

THE COURT: Before I impose sentence is there anything that you wish to say to this Court?

MR. FRANCISCO: No.

THE COURT: Mr. Cooper?

MR. COOPER: No, Your Honor.

THE COURT: The Court finds that there is factual basis for the plea. The plea is being made voluntarily, and intelligently and with knowledge and understanding of all matters set forth in the request to enter a plea of nolo contendere and may be accepted. The Defendant, Joel Francisco, is sentenced as follows: On Information, 98-0402A, you are sentenced to three years at the Adult Correctional Institution. Two years of that sentence is hereby suspended. One year of that sentence is to be served retroactive to November 20th.