UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOEL FRANCISCO :
:
vs. : CR 04-100-ML
:
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

Joel Francisco has filed a "Motion for Relief from Judgment Pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure," seeking relief from a Judgment entered by this Court denying his motion to vacate under 28 U.S.C. §2255 in the above proceeding. For the reasons that follow, that motion is denied.

## I. BACKGROUND AND TRAVEL[1]

After a three-day jury trial Francisco was convicted on two counts of drug offenses: (1) possession with intent to distribute in excess of five hundred grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (2) possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Francisco did not testify at his trial. Due to his two previous convictions for drug offenses, this Court then sentenced Francisco to a mandatory term of life imprisonment without release as to the Count Two offense, and to 180 months imprisonment, followed by eight years of supervised release, as to the Count One offense. Francisco was represented by Attorney Damon M. D'Ambrosio for all pertinent proceedings in this Court.

---

[1] A full version of the facts and background of this matter is contained in this Court's Memorandum and Order denying Francisco's §2255 motion to vacate (Doc. #91), and thus this Court includes only those facts pertinent to the instant motion.

Francisco's conviction was affirmed by the First Circuit Court of Appeals, and further review was denied by the Supreme Court. See United States v. Francisco, Dkt. No. 05-2457 (1st Cir. Oct. 2, 2006) (unpublished opinion), cert. denied, Francisco v. United States, 551 U.S. 1123 (2007).

Francisco thereafter filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion Francisco claimed that his counsel provided ineffective assistance by: (1) failing to advise him in connection with plea discussions that his Count Two offense carried a penalty of mandatory life imprisonment; (2) failing to challenge Francisco's prior state convictions at his sentencing hearing; and (3) improperly waiving his right to testify at trial without his consent. The Government filed an opposition to the motion. Francisco filed a reply and subsequently filed a further memorandum in support of his motion to vacate. After reviewing the papers, this Court appointed counsel for Francisco and scheduled an evidentiary hearing on Francisco's first and third claims.

The evidentiary hearing was conducted on January 5, 2010. Francisco was represented by Attorney William Dimitri. At the outset of the hearing, Francisco withdrew his third claim -- that his counsel rendered ineffective assistance by waiving Francisco's right to testify at trial -- and this Court, after questioning Francisco directly and confirming his concurrence, deemed that claim waived. (See Transcript of Evidentiary Hearing conducted on January 5, 2010 ["Hrg. Tr."] at 4-5.)[2]

---

[2] The colloquy between the Court and Francisco on this point was as follows:

DEFENSE COUNSEL: Before we proceed, your Honor, after some discussion with Mr. Francisco, we will not -- also not be proceeding on the second -- we will not be proceeding on the second issue, which claimed that trial counsel was ineffective for waiving the petitioner's right to testify without consent, your Honor.

THE COURT: So let's make sure that we have Mr. Francisco on the record as agreeing with that position. Mr. Francisco, you have made three claims essentially here. The first is that your counsel, trial counsel, was ineffective because of inaccurate advice you claim he gave you in plea negotiations. We'll conduct a hearing on that today. The second claim, as I understand it is not a part of this hearing, relates to your claim that your counsel was ineffective for not attempting to collaterally attack your previous

Accordingly, the hearing was limited to Francisco's first claim concerning his counsel's alleged failure to advise him that his Count Two offense carried a penalty of mandatory life imprisonment.

Both Francisco and his trial counsel, Attorney D'Ambrosio, testified at the hearing. Francisco testified concerning conversations with Attorney D'Ambrosio concerning plea negotiations and his potential sentence for the charged offenses, and he acknowledged that he rejected a proposed plea agreement and tore it up in the presence of his counsel. (Id. at 9-16.)

In the course of cross-examination, the attorney for the Government inquired about the testimony that Francisco had wanted to present at his trial. Attorney Dimitri objected to the question on the grounds that Francisco had waived his claim that he had been precluded from testifying at trial. (Id. at 18-19.) This Court overruled that objection, stating that the questioning on this point

---

convictions. That also -- that's not part of this hearing. That will be decided as a matter of law. But the third claim is the one that Mr. Dimitri has just alluded to, and that is your claim of ineffective assistance with respect to your right to testify at trial. You've made that claim in your petition. However, Mr. Dimitri advises, and I want to make sure you agree, that you are not proceeding on that claim today. Is that right?"

THE DEFENDANT: Yes.

THE COURT: You understand that your not proceeding on that claim today means that it is not a part of this case and it is a claim that you have forever waived. Do you understand that? In other words, you can't come back and bring it up again at some other point in time.

THE DEFENDANT: Yes.

THE COURT: Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Any question about that?

THE DEFENDANT: No.

(Hrg. Tr. at 4-6.)

could be allowed for impeachment purposes. (Id. at 19.)[3] In response to the Government's questions, Francisco testified, without further objection by his counsel, that notwithstanding his present claim, had he taken the stand at his trial, he would have testified that the drugs in the apartment were not his drugs; that other persons had full access to the apartment and to the drugs; that he was innocent of the charges but that he would have pled guilty had he known of the mandatory life imprisonment penalty for his offense. (Id. at 19-21.) After Attorney D'Ambrosio testified, the hearing concluded.

After reviewing the hearing transcript and post-hearing memoranda submitted by both parties, this Court issued a Memorandum and Order denying Francisco's first and second claims and noting that his third claim, concerning his counsel's improper waiver of his right to testify at trial, had been waived in open court at the hearing. See Memorandum and Order dated February 2, 2010 (Doc. #91) ("2/2/10 Mem. & Order"). In its Memorandum and Order, this Court found *inter alia* that "at the time he presented the plea agreement, Attorney D'Ambrosio accurately communicated to Francisco that he faced a potential mandatory life imprisonment penalty if he were found guilty of the drug offenses with which he was charged." (Id. at 10.) In reaching its conclusion, this Court

---

[3] The pertinent exchange on this point was as follows:

Q. And at the time, and including just recently when you filed these 2255 petitions, you claim that you wanted to testify that the crack cocaine wasn't yours, that --

MR. DIMITRI: Objection, your Honor. That portion of the petition has been withdrawn.

THE COURT: This goes to impeachment,Mr. Dimitri. Overruled.

Q. Do you recall that you wanted to deny that the crack cocaine was yours?

A. Yes.

Q. And that you exercised no control over that crack cocaine?

A. That's correct.

Q. And you wanted to deny ever confessing to the Providence detectives when they found the cocaine in your apartment?

A. That's correct.

* * *

(Hrg. Tr. at 4-6.)

found Attorney D'Ambrosio's testimony concerning what he advised Francisco concerning his potential sentence to be credible and Francisco's testimony on this point to be "contradictory and inherently unreliable," citing his strong motivation to testify falsely and his description of what he would have testified to at his criminal trial. (Id. and n. 9.) The Court denied the § 2255 motion and also declined to issue a certificate of appealability (COA). (Id. at 15.)

On February 10, 2010 Francisco filed a notice of appeal with the First Circuit. Thereafter, on March 3, 2010, Francisco filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b), seeking relief from this Court's ruling denying § 2255 relief. Assuming it was timely filed,[4] this motion in effect stays further proceedings on Francisco's appeal (and/or request for a COA) pending resolution of the motion. See Fed. R. App. P. 4(a)(4).[5]

Francisco's Rule 60(b) motion requests the reinstatement of Ground Three of his §2255 motion (claiming that his trial counsel improperly waived his right to testify at his trial), which ground he withdrew in open Court at his evidentiary hearing. He claims he was misled into waiving that claim, as he did not realize that the facts concerning his contemplated testimony at trial would be used to impeach his testimony on his remaining claims at the evidentiary hearing. The Government has objected, and the matter is ready for decision.

---

[4] Although Francisco's Rule 60(b) motion was docketed on March 3, 2010, the motion appears to have been signed and mailed on February 26, 2010, and this Court will accept that date as the date of filing. See Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir. 1999) (under "mailbox rule" federal pro se prisoner's papers are deemed filed as of the date they are placed in prison mailbox).

[5] Under Fed.R.App.P. 4 the filing of a Rule 60(b) motion within 28 days after a judgment or order is entered causes the time to file a notice of appeal to run from the date the order disposing of the Rule 60 motion is entered. See Fed.R.App.P. 4(a)(4)(A)(vi). Where -- as here -- a notice of appeal has already been filed, such notice becomes effective when the order disposing of the Rule 60 motion is entered. See Fed.R.App.P. 4(a)(4)(B)(i).

## II. DISCUSSION

### A. Characterization of Motion

The Government first argues that Francisco's Rule 60(b) motion asserts a challenge to the constitutionality of his conviction and thus this Court does not have jurisdiction to hear it absent prior authorization from the Court of Appeals.

A Rule 60(b) motion seeking relief from a judgment previously entered in a section 2255 case "'should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.' [Citation omitted.] If, however, 'the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).'" Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)). See also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding, in §2254 context, that only when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," should it be considered a Rule 60(b) motion and not a successive habeas petition).

Here, because Francisco is challenging a procedural aspect of his § 2255 proceeding (i.e., the waiver in open court of one of his § 2255 claims), rather than his underlying conviction or sentence, this Court does not treat his claim as second or successive § 2255 motion; instead it will be "adjudicated under the jurisprudence of Rule 60(b)." Munoz, 331 F.3d at 153.

### B. Relief under Rule 60(b)

Francisco seeks to revoke his waiver of his ineffective assistance claim regarding his right to testify at his underlying criminal trial. As noted above, the waiver was made by Francisco in open

court at the outset of the evidentiary hearing on his motion to vacate. Francisco argues that his waiver was not knowing and intelligent. He claims that had he been warned by counsel that his contemplated trial testimony could be used to impeach him, he would not have waived that claim and now seeks to reinstate that claim. This claim is without merit.

The First Circuit has noted that "Rule 60(b) relief is 'extraordinary in nature'" and, thus, "motions invoking that rule should be granted sparingly." Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Francisco's reliance on Rule 60(b)(1) or (b)(3) is misplaced.[6] There was no mistake or surprise of the type or gravity warranting relief from judgment under this provision. Here, Francisco's waiver was the result of a deliberate strategic choice that did not work out. This is the antithesis of the mistake required for relief under Rule 60(b)(1). See Ungar v. Palestine Liberation Organization, 599 F.3d 79, 85-86 (1st Cir. 2010). While Francisco or his counsel may not have anticipated the collateral use of his assertions as to his contemplated trial testimony for impeachment purposes, this failure to anticipate does not amount to mistake, inadvertence, surprise or excusable neglect warranting relief from judgment.[7] See id.

---

[6] Rule 60(b) states in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment,
order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
. . .
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . .

Rule Civ. Proc. 60(b).

[7] To the extent Francisco complains of his counsel's failure to warn him of the potential use of his trial testimony for impeachment purposes, this claim goes nowhere. Because a petitioner does not have a constitutional right to counsel in a habeas proceeding, Francisco could not in any event assert an ineffective assistance claim against Attorney Dimitri. See Coleman v. Thompson, 501 U.S. 722, 725 (1991). See also Ellis v. United States, 313 F.3d 636, 652-653 and n. 10 (1st Cir.2002) (no constitutional right to counsel in postconviction proceedings).

Similarly, there is no fraud or misrepresentation here to warrant relief from the judgment under Rule 60(b)(3). Such fraud or misrepresentation must involve misconduct by an opposing party and be shown by clear and convincing evidence. Karak v. Bursaw Oil Corp., 288 F.3d 15, 20-21 (1st Cir. 2002). Here, Francisco does not allege that the Government agreed not to raise the subject of his contemplated trial in the course of cross examination. Instead, he points to this Court's statement that the claim he waived "is not part of this case and is a claim that you have forever waived." (Hrg. Tr. at 6.)

To the extent that Francisco suggests that this Court misrepresented the consequences of his waiver, it is rejected outright. However, to the extent that Francisco claims that he was misled by this Court's statement, his claim still fails. He was represented at the hearing by competent counsel and acknowledges that his waiver was the result of a conscious decision he made before the hearing after conferring with his counsel. (Motion at 1, ¶2.) Moreover, Francisco fails to distinguish between the waiver of his claim and the use of facts on which that claim is based (i.e. his contemplated trial testimony) for impeachment purposes. The record is clear that this Court's statement addressed only the claim and in no way barred any mention of the facts underlying that claim.

While this Court recognizes that in waiving the claim in question, Francisco and his counsel may well have been motivated by a desire to preclude any mention of Francisco's contemplated trial testimony at the hearing, the frustration of that goal is not the type of event to warrant relief from the judgment. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) ("Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party.").

Finally, it is well settled that the credibility of "a testifying criminal defendant 'may be impeached and his testimony assailed like that of any other witness, and the breadth of his waiver is determined by the scope of relevant cross-examination.'" United States v. Rogers, 41 F.3d 25, 34 (1st Cir. 1994 (quoting Brown v. United States, 356 U.S. 148, 154-55 (1958)) (further citation omitted). Here, the Government's cross examination concerning Francisco's contemplated trial testimony -- which was described in his papers in support of his §2255 motion to vacate, albeit in connection with his waived claim -- was unquestionably relevant to Francisco's credibility at the hearing. See also Fed. R. Evid. 613(a) (permitting questioning of witness regarding prior statements). Moreover, the testimony inquired about – testimony that Francisco believed was exculpatory – did not implicate Francisco's privilege against self-incrimination.

In short, Francisco is now attempting to do what he promised not to do: to revoke his waiver and assert his claim concerning his trial counsel's alleged failure to permit him to testify at his underlying criminal trial. As the First Circuit has noted in a related context,"the discretionary power granted by Rule 60(b)(6) is not for the purpose of relieving a party from ... free, calculated, and deliberate choices made as a part of a strategy of litigation." Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 6 (1st Cir.2001) (citations and internal quotes omitted).

For all of the foregoing reasons, Francisco's motion for relief from judgment must be denied.

## III. CONCLUSION

In view of the foregoing considerations, Francisco's Motion for Relief from Judgment Pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure is hereby DENIED and dismissed.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Francisco has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Francisco is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
May 5, 2010