**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES

    v.                                    CR. No. 04-100-ML

JOEL FRANCISCO

### MEMORANDUM AND ORDER

Petitioner Joel Francisco ("Francisco"), proceeding *pro se*, has filed, for the second time, a motion pursuant to Fed. R. Civ. P. 60(b)(5) (Dkt. No. 112). Francisco seeks to obtain relief from this Court's February 2, 2010 denial (Dkt. No. 91) of his motion brought under 28 U.S.C. §2255 (Dkt. No. 59). Francisco's appeal of that denial, as well as the Court's denial (Dkt. No. 99) of Francisco's first Rule 60(b)(5) motion (Dkt. No. 96) were both terminated by the First Circuit Court of Appeals on December 15, 2011 (Dkt. No. 109). Likewise, Francisco's request to file a second §2255 petition was denied by the Court of Appeals. (Dkt. No. 111). For the reasons stated below, Francisco's motion is denied.

### I. Background and Travel[1]

On April 27, 2005, following a three-day trial, a jury convicted Francisco of possession with intent to distribute in

---

[1] In light of the detailed prior recounting of the facts in this case, the Court will provide only an abbreviated summary. See e.g., Francisco v. United States, No. CR 04-100-ML, 2010 WL 1813790 (D.R.I. May 5, 2010); Francisco v. United States, No. CR 04-100-ML, 2010 WL 378518 (D.R.I. Feb. 2, 2010).

1

excess of 500 grams of cocaine and possession with intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §841 (a)(1), (b)(1)(B), and (b)(1)(A). On September 19, 2005, Francisco was sentenced to mandatory life imprisonment and a concurrent term of 180 months (Dkt. No. 43). Francisco's subsequent appeal of his conviction and sentence (Dkt. No. 44) was denied on October 24, 2006 (Dkt. No. 57). United States v. Francisco, Dkt. No. 05-2457 (1st Cir. Oct. 2, 2006)(unpublished opinion), cert. denied, Francisco v. United States, 551 U.S. 1123 (2007).

Francisco filed a first motion to vacate under 28 U.S.C. §2255 on May 30, 2008 (Dkt. No. 59), asserting that his trial counsel had failed, *inter alia*, to advise Francisco during plea discussions that one of the charged offenses carried a mandatory life sentence. Following an evidentiary hearing on January 5, 2010, this Court denied Francisco's §2255 motion, finding that Francisco's counsel's performance was not objectively deficient. (Dkt. No. 91). No certificate of appealability ("COA") was issued. Francisco filed a notice of appeal with the First Circuit Court of Appeals on February 10, 2010 (Dkt. No. 92).

On March 3, 2010, while his appeal was pending, Francisco filed a "Motion for Relief from Judgment Pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure," seeking to re-address an issue he had previously waived at the January 5, 2010

2

hearing: that his counsel had waived Francisco's right to testify at trial without Francisco's consent. On May 5, 2010, Franciso's motion was denied because relief under Rule 60(b)(6) was not available for Francisco's attempt to revoke his waiver and to re-assert his claim that counsel had failed to permit him to testify at trial. Dkt. No. 99).

On December 15, 2010, the First Circuit denied Francisco's request for a COA from the denial of both his motions under 28 U.S.C. §2255 and under Fed.R.Civ.P. 60 (Dkt. No 109). On December 22, 2011, the First Circuit denied Francisco's request to file a second petition under 28 U.S.C. §2255 (Dkt. No. 111).

## II. The Parties' Positions

The instant motion, styled as a motion under Fed. R. Civ. P. 60 (Dkt. No. 112), seeks relief from this Court's denial of Francisco's first motion to vacate pursuant to 28 U.S.C. §2255 (Dkt. No. 91). Francisco asserts that the basis for his motion is a "change in applicable decisional law." Specifically, Francisco relies on Lafler v. Cooper, -- U.S.-, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)(holding that petitioner was prejudiced by counsel's deficient performance in advising petitioner to reject a plea offer and go to trial) and Missouri v. Frye, -- U.S. --, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012)(holding that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused).

3

The government has filed an objection, asserting that Francisco's motion is untimely, that it is without merit and, absent permission by the Court of Appeals, that it is barred as a successive §2255 petition.

**III. Discussion**

The First Circuit has held that

> "a Rule 60(b) motion should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In other cases—cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured—the motion may be adjudicated under the jurisprudence of Rule 60(b)." Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003)

However, before a second or successive habeas petition may be filed in this Court, a petitioner must first seek an order from the appellate court authorizing the Court to consider the petition. 28 U.S.C. §2244(3)(A).

In this case, Francisco seeks to litigate, once again, the effectiveness of his counsel in assisting him during plea negotiations with the government. This issue, which has already been determined by the Court, constitutes a challenge to the constitutionality of the underlying conviction, not the manner in which the earlier §2255 motion was adjudicated. Accordingly, Francisco's Rule 60 motion is the functional equivalent of a second §2255 petition and, without the required authorization from the

Appellate Court, the petition is barred.

**IV. Conclusion**

Because Francisco's Rule 60(b) motion constitutes a successive §2255 petition for which he has not sought or obtained permission from the Appellate Court, the motion is DENIED and DISMISSED.

**Ruling on Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings for the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability because Francisco has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Francisco is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rules Governing § 2255 Cases, Rule 11(a).

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

March 17, 2015